UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

ERIC FORAKER,                           )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )   Case No. 11-CV-0759-CVE-TLW
                                        )
BENJAMIN LEE REEVES,                    )
HARMON TRANSPORT, INC.,                 )
TRAILINER CORPORATION,                  )
DOES I through X, and ROES I through    )
X, inclusive,                           )
                                        )
        Defendants.                     )

## OPINION AND ORDER

Now before the Court is Plaintiff's Motion to Amend Complaint (Dkt. #53). Plaintiff Eric Foraker requests leave to file an amended complaint clarifying the damages he is seeking and his jurisdictional allegations, and he also seeks to add defendants Harmon Transport, Inc.'s (Harmon) and Trailiner Corporation's (Trailiner) liability insurer, Carolina Casualty Insurance Company (Carolina), as a party. Defendants do not oppose plaintiff's request to amend his jurisdictional allegations or to clarify that he is seeking compensatory damages, but they do object to plaintiff's request to seek punitive damages. They also object to plaintiff's request to add Carolina as a party.

On or about June 25, 2009, Foraker alleges that he was involved in an automobile accident with a tractor-trailer driven by Benjamin Lee Reeves, and he claims that Reeves was employed by Harmon and/or Trailiner at the time of the accident. Dkt. # 1, at 6. The accident occurred on Interstate 44 in the state of Oklahoma. Foraker alleges that he suffered personal injuries from the accident, and he seeks damages in excess of $75,000. Foraker is a citizen of Nevada, and Reeves is a citizen of Missouri. Defendants Harmon and Trailiner are incorporated and have their principal

places of business in Missouri. Foraker filed this case in the United States District Court for the District of Nevada, and each defendant filed a motion to dismiss on the grounds that they were not subject to personal jurisdiction in Nevada and venue was improper in the District of Nevada. Dkt. ## 8, 12, 20. The court granted defendants' motions and, instead of dismissing plaintiff's claims, it transferred the case to the United States District Court for the Northern District of Oklahoma.

The Court entered a scheduling order and, inter alia, set a deadline of March 31, 2012 for the parties to file motions to amend pleadings or join additional parties. On March 30, 2012, plaintiff filed a motion to amend seeking to "clarify and further plead that actual, compensatory and punitive damages are sought . . ." and to remove references to the state of Nevada or the District of Nevada. Dkt. # 53, at 2. Plaintiff does not seek to add claims against the existing parties, but he does request leave to add Carolina as a party. Defendants argue that plaintiff's factual allegations are not sufficient to show that punitive damages could be awarded, and plaintiff should not be permitted to file an amended complaint seeking punitive damages. Dkt. # 55, at 13-15. They also argue that Reeves was operating as a Trailiner employee on the day of the accident, and plaintiff may not maintain a direct action against Trailiner's insurance carrier under Oklahoma law. Id. at 5-12.

Under Fed. R. Civ. P. 15(a)(2), after the opposing party has served a responsive pleading, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006). The decision to grant leave to amend is within the discretion of the district court but, when leave is sought, it should be "freely given when justice so requires." Bradley v.Val-Majias, 379 F.3d 892, 900-91 (10th Cir. 2004). Leave to amend may be denied if the proposed amendment would be futile and would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Jefferson County Sch. Dist. No. R-1 v.

2

Moody's Investor's Services, Inc., 175 F.3d 848, 859 (10th Cir. 1999). Denial of a motion to amend may also be appropriate if the moving party unduly delayed when seeking leave to amend and has no adequate explanation for the delay. Minter, 451 F.3d at 1206. A motion to amend is subject to denial when the "party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint . . . ." Frank v. U.S. West, Inc., 3 F.3d 1357, 1366 (10th Cir. 1993) (quoting Las Vegas Ice & Cold Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Cir. 1990)).

Plaintiff requests leave to add Carolina as a party because Oklahoma law allows for the joinder of a motor carrier's liability insurer in the same case in which the motor carrier's liability to the plaintiff is determined. The Oklahoma Motor Carrier Act of 1995 provides in relevant part:

> A. No license shall be issued by the Commission to any carrier until after the carrier shall have filed with the Commission a liability insurance policy or bond covering public liability and property damage, issued by some insurance or bonding company or insurance carrier authorized pursuant to this section and which has complied with all of the requirements of the Commission, which bond or policy shall be approved by the Commission, and shall be in a sum and amount as fixed by a proper order of the Commission; and the liability and property damage insurance policy or bond shall bind the obligor thereunder to make compensation for injuries to, or death of, persons, and loss or damage to property, resulting from the operation of any carrier for which the carrier is legally liable. A copy of the policy or bond shall be filed with the Commission, and, after judgment against the carrier for any damage, the injured party may maintain an action upon the policy or bond to recover the same, and shall be a proper party to maintain such action.

OKLA. STAT. tit. 47, § 230.30. The Oklahoma Supreme Court interpreted a prior version of this statute, OKLA. STAT. tit. 47, § 169, to allow a direct action against a motor carrier's liability insurer, and the language of § 230.30 is substantially similar to the former § 169. See Oklahoma Transp. Co. v. Claiborn, 434 P.2d 299 (Okla. 1967); All American Bus Lines v. Saxon, 172 P.2d 424 (Okla. 1946); Enders v. Longmire, 67 P.2d 12 (Okla. 1937); Jacobsen v. Howard, 23 P.2d 185 (Okla.

3

1933).  To bring a direct claim against a motor carrier's insurer, a plaintiff must allege that: "(1) he suffered injury; (2) the injury occurred by operation of a motor carrier; and (3) the motor carrier was required to be and was in fact insured pursuant to § 230.30."  Mize v. Liberty Mut. Ins. Co., 393 F. Supp. 2d 1223, 1226 (W.D. Okla. 2005).

Defendants do not dispute that a direct action against a motor carrier's liability insurer is appropriate in some instances, and they are not asking the Court to disregard well-settled Oklahoma law.  Instead, Trailiner argues that Reeves was acting in his capacity as Trailiner's employee, and Trailiner does not have a motor carrier license issued by the Oklahoma Corporation Commission. Trailiner is an interstate motor carrier registered in the state of Missouri and, under the Interstate Motor Carrier Single State Registration regulations promulgated by the federal government, Trailiner was not required to register in any other state to operate an interstate motor carrier business.  Dkt. # 55, at 8-10.  Plaintiff responds that he should permitted to join Carolina as a party and conduct discovery to test defendants' assertions about Trailiner's state of registration.  Dkt. # 56, at 7.

In Fierro v. Lincoln General Insurance Company, 217 P.3d 158 (Okla. Civ. App. 2009), the Oklahoma Court of Civil Appeals held that a direct action against a motor carrier's liability insurer is not permitted when the motor carrier is licensed or registered in a state other than Oklahoma pursuant to the Interstate Motor Carrier Single State Registration requirements.  Elias Fierro alleged that he was involved in an automobile accident with a vehicle owned by German Diaz d/b/a GD Transport, Inc. (GD).  GD was an interstate motor carrier and it was insured by Lincoln General Insurance Company (Lincoln General) and, pursuant to the Interstate Motor Carrier Single State Registration requirements, GD was registered in the state of California.  Id. at 159.  In 1995,

4

Oklahoma enacted the Motor Carrier Act of 1995 and revoked all existing intrastate certificates issued to motor carriers by the Oklahoma Corporation Commission. Id. at 160. Under OKLA. STAT. tit. 47, § 230.22, Oklahoma law governing motor carriers "shall not be construed to interfere with the exercise by agencies of the government of the United States of its power of regulation of interstate commerce." Oklahoma participates in the single state registration system and motor carriers may operate within Oklahoma if they file evidence of insurance in their home state. Id. As stated in Daigle v. Hamilton, 782 P.2d 1379 (Okla. 1989), Oklahoma follows the general rule that a direct action against an insurer is prohibited without express statutory authorization. The Oklahoma Court of Civil Appeals found that § 230.30 does not apply to motor carriers registered in states other than Oklahoma, and GD did not have a license from the Oklahoma Corporation Commission. Thus, Fierro could not maintain a direct action against GD's liability insurer, Lincoln General.

Plaintiff argues that Fierro is inconsistent with clearly established Oklahoma law allowing a direct action against a motor carrier's liability insurer. However, in each case cited by plaintiff, the motor carrier was licensed by the Oklahoma Corporation Commission and had filed a bond pursuant to former § 169. Blanke v. Alexander, 152 F.3d 1224, 1229-30; Mize, 393 F. Supp. 2d at 1226-27; Enders, 67 P.2d at 13. Trailiner states that it is registered in Missouri, not Oklahoma, and it is not required to file an insurance policy or bond with the Oklahoma Corporation Commission. Consequently, § 230.30 does not apply and there is no express statutory authority permitting for a direct action against Trailiner's liability insurer. This conclusion is consistent with Fierro and numerous decisions by federal district courts located in Oklahoma. Beebe v. Flores, 2012 WL 137780 (W.D. Okla. Jan. 18, 2012); Adrean v. Lopez, 2011 WL 3880930 (N.D. Okla. Sept. 2, 2011);

Green v. ACE American Ins. Co., 2008 WL 4372871 (W.D. Okla. Sept. 19, 2008); Hubbard v. Liberty Mutual Fire Insurance Co., 2007 WL 1299270 (E.D. Okla. May 1, 2007).

Plaintiff argues that defendant's registration or licensing is a factual issue which should be explored in discovery and the Court should not accept defendant's statements concerning Trailiner's registration. Dkt. # 56, at 6-8. However, plaintiff offers no basis to dispute defendants' statements that Trailiner is registered in Missouri, and he speculates that Trailiner may be licensed by the Oklahoma Corporation Commission. Id. at 8. Unless plaintiff has conducted an investigation into this matter and has a reasonable basis to believe that Carolina will likely be an appropriate party, the Court sees no reason to allow plaintiff to join Carolina as a party and subject it to the expense of litigation. Plaintiff also argues that Trailiner is required to file a MCS-90 endorsement with the Secretary of Transportation containing proof on insurance, and the MCS-90 endorsement creates a suretyship. Dkt. # 53, at 12. He claims that Oklahoma law allows an aggrieved party to bring claims against the principal and the surety, and he should be permitted to bring claims against Carolina in its capacity as a surety under the MCS-90 endorsement. Assuming that plaintiff is correct, this general principle of Oklahoma law does not overcome the Oklahoma Supreme Court's specific prohibition on bringing a direct action against a liability insurer absent express statutory authorization. Daigle, 782 P.2d at 1381-82. Plaintiff will not be permitted to join Carolina as a party, but he may re-urge this request if he discovers evidence showing that Trailiner has a license issued by the Oklahoma Corporation Commission.

As to the remaining issues, the Court finds that plaintiff's motion to amend should be granted to the extent that it is unopposed by defendant. Plaintiff may file an amended complaint clarifying his jurisdictional allegations and his requests for actual and compensatory damages. Plaintiff also

requests leave to add a demand for punitive damages in his amended complaint, and defendants oppose this request. Defendants argue that the mere fact that an automobile accident occurred does not support a demand for punitive damages, and the facts of this case do not warrant punitive damages. Dkt. # 55, at 13-15. Defendants also argue that plaintiff's proposed amendment would cause additional expense to them, and his request to file an amended complaint seeking punitive damages would violate Fed. R. Civ. P. 11. However, the Court has reviewed plaintiff's motion to amend and his reply, and finds that he should be permitted to file an amended complaint seeking punitive damages. Defendant may be correct that the facts of this case do not warrant an award of punitive damages, but that determination should be made on a motion for summary judgment. It would be improper to deny plaintiff leave to amend due to factual disputes concerning defendants' alleged misconduct and the severity of the accident.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint (Dkt. #53) is **granted in part** and **denied in part**: plaintiff may file an amended complaint clarifying his jurisdictional allegations and the damages sought, but plaintiff's request to add Carolina as a party is denied.

**IT IS FURTHER ORDERED** that plaintiff may file an amended complaint as authorized in this Opinion and Order no later than **April 13, 2012**.

**DATED** this 11th day of April, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE